KANNER, Judge.
Charles E. Bush d/b/a Bush Aviation Enterprises, hereinafter referred to as “Bush”, sued the City of Dania, hereinafter referred to as the “City”, for damages resulting to certain airplane parts and material in open storage at his place of business from fires claimed to have been caused by sparks and embers borne by high winds from a municipal dump fire which he alleged was negligently maintained and managed by the City on property adjacent to his property. The cause was tried without a jury, and the testimony as to the negligence issue was conflicting and wholly circumstantial. Final judgment was entered in favor of the City, and the court later denied Bush’s motion for new trial.
In finding for the City, the trial judge set forth in his order that Bush had failed to sustain the burden of proving his case by a preponderance of the evidence, and more specifically, had failed to prove that the City was guilty of negligence which proximately caused his damage. Stating that there was no direct or positive evidence of negligence, the trial judge then asserted that the circumstantial evidence as to negligence was strongly conflicting and that he, in the exercise of his function as trier of the facts, resolved the conflict in -favor of the City upon the basis of what he believed to be the better and more weighty evidence, with the result that there was no circumstantial evidence material to the issue. The trial judge then stated that arguendo, assuming but not deciding that the City was guilty of negligence in the management of its dump fire, there was no evidence that the fires of which Bush complained originated from the city’s fire or premises. His conclusion was that negligence by the City in fire management could not therefore be the proximate cause of damages to Bush’s property and that the origin of Bush’s fires is left to speculation and conjecture.
This appeal from the trial judge’s order is predicated upon Bush’s assertions that a party litigant should not be denied the right to trial by jury when timely demand is made and where the record contains no waiver of that right; that the trial judge erroneously ruled that, as a matter of law, in order to prove the origin of destructive fire, someone must actually have viewed the origin or that there must have been physical evidence to indicate the exact path followed by the flame; and that the court erred in finding that the evidence introduced was conflicting and that as a result there was no circumstantial evidence material to the issues.
In contending that he should have been accorded a trial by jury, Bush asserts that he filed a timely demand, as required by Rule 2.1(b), Florida Rules of Civil Procedure, 1954, 31 F.S.A.
According to Rule 2.1(d), Florida Rules of Civil Procedure, a demand for trial by jury may not be withdrawn without the consent of the parties. The record initially lodged in this court did not reveal a withdrawal of Bush’s demand for jury trial nor consent by the parties to waive it. The record did disclose that the trial court entered an order setting a time certain for the cause to be tried before him without a jury; and the trial was so held without objection at any time, from receipt of the notice on throughout the trial, including motion for new trial. The first objection was voiced on this appeal.
*171 At this juncture, for clarification, we state that Bush is not represented on this appeal by the same counsel who represented him at the trial. The City filed a motion before this court to strike Bush’s first appeal point on the ground that the right of trial by jury had been expressly waived before the lower court, and accompanying and supporting the motion was an affidavit to that effect executed by the attorney who actually represented Bush at the trial. In view of the motion and affidavit, this court, on its own initiative, pursuant to Rule 3.6 (l), Florida Appellate Rules, 31 F.S.A., returned the record to the lower court for correction as to omission from the record of any portion of the proceedings necessary to cause the record accurately to disclose whether the parties had consented to trial before the court without a jury. The lower court then conducted a hearing at which attorneys for Bush and the City were present, as well as the attorney who represented Bush at the trial. The court entered an order finding and determining that it was the unanimous and uncontroverted recollection of the trial attorneys and of the court that the parties, acting through counsel, waived their right to trial by jury and consented to trial by the court, and further, that this was done in the presence of Bush. The corrected record was then returned to this court. Accordingly, under this corrected record, there is no merit to the first point raised on appeal.
Bush, under his second appeal point, has complained that the judge erroneously ruled as a matter of law that, in order to prove the origin of destructive fire, someone must actually have viewed the origin, or that physical evidence must indicate the exact path followed by the flame. However, a perusal of the order does not reveal that he so ruled. In the opinion portion of his order, the judge did observe that the origin of the fires upon Bush’s property was not viewed by any witnesses; that when first noticed, the fires were well under way in an area upon Bush’s property well separated from the dump fire; that there was no direct evidence as to when or how the fires began.
We point out that, in Florida, in the absence of a contrary governing statute, right of recovery for damage from fire spreading from another’s premises is dependent upon the existence of negligence in the fire’s origin, negligence in controlling it, or negligence through failure to furnish means for its extinguishment. Weis-Pat-terson Lumber Co. v. King, 1937, 131 Fla. 342, 177 So. 313. Negligence is not constituted, per se, in the mere setting out of a fire for a lawful purpose and under prudent circumstances. So mere proof that damage resulted from the setting of a fire will not entitle the injured party to recover, although liability in damages does accrue to one who sets out a fire where there is an injury proximately resulting from his failure to use reasonable prudence and ordinary care and caution in the kindling of the fire and his failure thereafter to manage it so as to prevent its spread. Circumstantial evidence solely may authorize a finding of negligence. However, negligence will not be presumed, but the party asserting it carries the burden and must prove it. Cobb v. Twitchell, 1926, 91 Fla. 539, 108 So. 186, 45 A.L.R. 865.
It was inherently the duty and province of the judge as trier of the facts to weigh the evidence, and if conflicting, to decide whether Bush, in view of such conflicting testimony, had been able to prove his case. The court did just that, indicating in his order that the case was one wholly involving conflicting circumstantial evidence. From this, he resolved the controversy in favor of the City.
The third and final appeal point is that the trial court erred in finding that the evidence introduced was conflicting and that as a result there was no circumstantial evidence material to the issues. The court did not hold that there was no evidence material to the issues because the evidence conflicted, but merely stated this *172 incidentally as a result of his resolving the conflict in favor of the City upon what he believed to he the better and more weighty evidence. We reiterate that in this state negligence will not be presumed but must be proved by the party asserting it. Here, the court found, under the evidence, that Bush had not sustained his burden of proving that the City through its negligence permitted the fires to spread from its dump onto Bush’s property.
We do not find that error has been made to appear, and the judgment of the trial court is affirmed.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.