SMITH, Judge.
Upon application of the plaintiff, appellee here, the defendant, Wade H. Everhart, Sr. was temporarily enjoined and restrained from using and trading on the name of Wade H. Everhart Co. until the final hearing of this cause. That defendant brings his interlocutory appeal.
Florida Appellate Rule 4.2, 31 F.S.A. establishes the procedure for interlocutory appeals and, Rule 4.2, subd. d, as amended on March 3, 1961, provides that: “No record on appeal shall be required or permitted other than certified copies of the appeal papers and the judgment or order appealed from. * * * The appendices shall contain full copies of all pleadings and other parts of the record needed to determine the appeal.” Except as modified by Rule 4.2, the other Appellate Rules apply to interlocutory appeals.
One of the appellant’s assignments of error is that the court issued this temporary injunction without hearing any testimony whatsoever and after conclusion of argument of counsel on a motion to dismiss the complaint. Our problem is the fact that the certified copy of the injunctive Order appealed from recites:
“ * * * and the Court having heard the oral testimony of the plaintiff in support of the allegations of the complaint * *
In an endeavor to counteract this, appellant attaches as a part of his appendix the transcript of testimony taken before the court in which the reporter certifies that this case was heard on the 27th day of November, 1961; that he did report the proceedings; and that his transcript is a true and accurate transcription of his notes. Although the reporter’s transcript does not contain any testimony of the plaintiff, neither does the transcript recite that there was no testimony; and even if the transcript did so recite, the record would simply be conflicting within itself.
Even though the appellee does not controvert the appellant’s position, we must adhere to, and accept as correct the recital in the order that the court heard the oral testimony of the plaintiff in support of the allegations of the complaint, that being the record here. It is the duty and the responsibility of the attorneys to see that the orders entered by the trial court are in proper form and substance and that they correctly recite the record. Any incorrect statements made in any order should be promptly brought to the attention of the court.
Florida Appellate Rule 3.6, subd. I provides that where there is a question as to whether or not the record on appeal truly discloses what occurred in the lower court, then the question shall be submitted to and settled by the lower court and the record conformed accordingly. Thus, in the instant case, application should have been made to the trial court to strike from the order the recital as to the taking of testimony if, as defendant contends, that statement was in error. Since this was not done, the question is foreclosed by the recital in the order.
*749 We have examined the record with respect to appellant’s other assignments of error. Finding no error, the order is affirmed.
SHANNON, C. J., and WHITE, J., concur.