McCAIN, Judge.
Boston Rug Galleries, Inc., the defendant, counterplaintiff and cross-plaintiff below, herein called defendant, appeals from a final judgment rendered in an action for goods sold and delivered. We reverse.
The primary error urged by defendant for reversal is the denial of its request for trial by jury.
*60 In capsulated form the pertinent facts show that appellee, William Iselin & Co., Inc., herein called plaintiff, sued the defendant to recover the balance due for goods sold and delivered to defendant. Upon defendant’s motion the Appellee-Patcraft Mills, Inc., herein called cross-defendant, was added as a party defendant. Later the court entered a partial summary judgment for the plaintiff on its complaint. Thereafter the cause came to issue on the defendant’s amended ' counterclaim and second amended cross-claim and the answers thereto. The defendant requested trial by jury, and even though several dates were set, the case did not go to trial but was continued. The plaintiff then moved for trial without jury, which motion was granted by the court without hearing. At pretrial conference the defendant supplemented its earlier requests for jury trial by motion which the court denied, stating that any further delay in the long pending case would result in hardship to the plaintiff and cross-defendant. Trial without jury was then scheduled for January 19, 1966. The court sua sponte continued the cause to May 18, 1966, at which time trial was held resulting in the final judgment appealed.
The record is replete with defendant’s requests for a jury trial. Beginning with its initial answer and counterclaim through the pleadings upon which issue was joined, the defendant filed a total of seven responsive pleadings, each containing a request for jury trial. It is axiomatic that a party may demand trial by jury through written request not later than ten (10) days after service of the last pleadings directed to the issues of the cause, and such demand may be contained in the pleadings. F.R.C.P. 1.430, 30 F.S.A., formerly F.R.C.P. 2.1. Accordingly, we deem the defendant’s request both timely and appropriately contained in its pleadings. When such a proper demand for trial by jury has been made this right is preserved inviolate to the party making it. Wiggins v. Williams, 1896, 36 Fla. 637, 18 So. 859; Olin’s, Inc. v. Avis Rental Car System, Fla.App.1961, 131 So.2d 20; Miller v. Rolfe, Fla.App.1957, 97 So.2d 132. The right to a jury trial is not a discretionary matter with the judge as where the demand is untimely. Messana v. Maule Industries, Fla.1951, 50 So.2d 874; Wertman v. Tipping, Fla.App.1964, 166 So.2d 666.
It is urged the defendant waived its rights by participating in the nonjury trial without objection. We do not find this argument meritorious inasmuch as the necessity of noting an exception or renewing an obj ection has been obviated. F.R.C.P. 1.470, formerly F.R.C.P. 2.6. Furthermore, we regard the renewal of such objection a futile act and therefore unnecessary where the record reflects no indication by the judge that he would change his ruling.
After the filing of the notice of appeal and defendant’s brief, the plaintiff, in obvious recognition of the perils surrounding disallowance of a jury trial, filed a motion to supplement the record. The motion was accompanied by two affidavits alleging an oral waiver of jury trial by defendant’s counsel. Upon hearing the court ordered the record supplemented by inclusion of these affidavits, ignoring defense counsel’s affidavit denying any waiver.
Inclusion of the affidavits does not change the import of the record. To the contrary, the pretrial conference order reflects the constant and persistent objections of the defendant to trial without jury. The transcript of proceedings at the hearing on defendant’s motion for new trial discloses the same subject to have been the topic of controversial argument by counsel, with the court ultimately concluding that its decision to grant a nonjury trial was discretionary. The pertinent language of the court is as follows:
“ * * * I remember that. Of course, this case is a long and torturous history in the court. I gave this case a lot of thought before entering that final judgment and it is still my opinion that the final judgment is correct so if I have committed error, I want to be consistent and *61 commit it again and I don’t believe I have, but I will be consistent, anyway, and deny your Motion for a New Trial and I will also deny your Motion to Amend the Judgment.
“I checked some law, incidentally, on this request for a jury trial after we entered that pre-trial order and I don’t believe that the law is too clear on that. I believe that it is discretionary in the final analysis in view of all the circumstances in this case so I exercised the discretion, as I did. So I will deny your motions.”
In considering the motion to supplement the record the court could have stricken any erroneous recitals from its previous orders or entered such corrective orders as necessary for purposes of establishing the truth of the matter as finally determined by the court. F.A.R. 3.6(1), 32 F.S.A.; Bush v. City of Dania, Fla.App.1960, 121 So.2d 169; Everhart v. Everhart & Co., Fla.App. 1962, 139 So.2d 747. Inclusion of the affidavits as part of the record does nothing more than lend additional doubt to the vital question of wthether or not a jury trial was waived, an issue on which the court failed to make any specific findings or determination.
Waiver of the right to a jury trial is to be strictly construed and not to be lightly inferred. When such a constitutional right is vested in a party who has timely invoked it and there is doubt as to whether this right has been waived, such doubt is to be resolved in favor of the party for whom the right is provided. Loiselle v. Gladfelter, Fla.App. 1964, 160 So.2d 740.
The record warrants our conclusion that a jury trial was requested by defendant, that there has been no showing that defendant effectively waived this right, and that the trial court treated the matter as discretionary. Therein lies the error and resulting prejudice to the defendant. The court’s duty to afford the defendant a trial by jury upon timely demand was not met with a resultant invasion of defendant’s guaranteed rights. Grappell v. Lauderdale River Park Estates, Inc., Fla.App.1961, 126 So.2d 574.
Accordingly, the judgment is reversed and the cause remanded for proceedings consistent herewith.
Reversed.
CROSS, J., and SMITH, SAMUEL S., Associate Judge, concur.