HENDRY, Judge.
Plaintiff Lou Poller, individually and as General Partner for Landmark Plaza Associates and Landmark Palace Associates, and counterplaintiff Rose Poller appeal from a final judgment and two additional orders entered against them in a non-jury trial of their lawsuit seeking damages, an accounting, rescission and injunctive relief.
The first order appealed is an order granting defendant Nova Real Estate Investment Trust’s, f/k/a First Virginia Mortgage and Real Estate Investment Trust (“Nova”), motions for judgment of involuntary dismissal of Mr. Poller’s claims that a credit was due him because of a Nova settlement recovery and that Nova and other corporate defendants had no separate corporate existence other than to sérve as alter egos of each other. The final judgment decreed that Mr. and Mrs. Poller take nothing and awarded Nova over eleven million dollars from the appellants, plus interest including certain attorney’s fees. The final appealed ruling is an order denying Mr. and Mrs. Poller’s motion for a rehearing and/or a new trial.
There are numerous issues raised on appeal by the appellants, but only one issue that we find merits discussion. This issue is whether Mrs. Poller waived her right to jury trial with respect to her counterclaim against Nova.
The facts giving rise to this issue are as follows. Mr. Poller sued a number of defendants relative to several loans made by Nova to Landmark Plaza Associates and Landmark Palace Associates. These loans were guaranteed by Mr. Poller and Rose Poller, his wife. First Advisors, Inc. (“Ad- *106 visors”), an associated company, was under contract to provide services to Nova. The trial court dismissed on jurisdictional grounds all of the defendants except for Nova and Advisors.
In response to Mr. Poller’s amended complaint Nova filed an amended counterclaim and a complaint against Mrs. Poller on September 3,1981. Thereafter, on October 6, 1981, a pleading titled “Answer of Lou Poller and Rose Poller to Amended Counterclaim, Affirmative Defenses, Counterclaim of Rose Poller and Complaint of Rose Poller Against All Defendants” was filed. In this pleading Mrs. Poller demanded a jury trial. Throughout the proceedings in the trial court, the Pollers were represented by the same attorney.
On November 6, 1981, Mr. and Mrs. Pol-ler and Nova entered into a written stipulation for the trial court to set the “pre-trial conference and trial at the earliest practicable date, on all non-jury issues.” The stipulation was presented to the trial court and a conference held on December 15, 1981. At that conference Mr. and Mrs. Poller’s counsel stipulated that, “we would waive the jury trial on those ... [counts where a jury trial had been requested].” Nova also stipulated to a non-jury trial. The trial court then announced from the bench that a non-jury trial would be held on all counts. Subsequently, Mr. Poller moved to withdraw his stipulation regarding waiver of a jury trial on all counts and additionally raised Mrs. Poller’s demand for a jury trial. Mr. and Mrs. Poller filed a pre-trial memorandum, dated March 29, 1982, listing Mrs. Poller’s counterclaim as an issue to be tried. At the non-jury trial no separate evidence was presented in support of Mrs. Poller’s counterclaim. The trial court entered final judgment against Mrs. Poller on her counterclaim.
On appeal Mr. and Mrs. Poller contend that when their counsel stipulated for a non-jury trial on all counts, he was stipulating on behalf of Mr. Poller only and that Mrs. Poller never waived her right to a jury trial. Appellants argue that a colloquy between the trial judge and the appellants’ counsel establishes that the judge recognized that there was no waiver of jury trial made by Rose Poller. The trial court, however, implicitly found that such stipulation was made on behalf of both Mr. and Mrs. Poller when it found against Mrs. Poller’s counterclaim in its final judgment. We agree with this implicit finding and affirm the final judgment and the other rulings of the trial court appealed herein.
The fundamental constitutional right to a trial by jury is guaranteed in this state by the Constitution of the State of Florida. Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla.1975). However, this jury trial right may be waived in civil cases by the litigants. Waiver of the right to a jury trial is to be strictly construed and not to be lightly inferred. Boston Rug Galleries, Inc. v. William Iselin & Co., 212 So.2d 58 (Fla. 4th DCA 1968). Once a jury trial has been demanded, it can be waived only by affirmative act. Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla.1976); Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981); Van Prooyen v. Maples, 403 So.2d 509 (Fla. 5th DCA 1981).
There is ample evidence in the record before us that Mrs. Poller affirmatively waived her jury trial right by the stipulation of her attorney on December 15, 1981. Since the time Mrs. Poller came into the litigation as an added third party defendant, Mr. and Mrs. Poller were represented by the same attorney; they jointly filed a pleading, as well as other documents, in the litigation. Mrs. Poller’s complaint and counterclaim followed almost verbatim the allegations and demands of Mr. Poller’s complaint. Mr. and Mrs. Poller’s pre-trial memorandum of March 29, 1982 listed Mrs. Poller’s counterclaim as raising issues to be tried. Given these facts, it is illogical to suggest that the jury trial waiver made by appellants’ counsel was to apply only to Mr. Poller. As for the colloquy, the meaning of which is unclear to us, it does not negate the existence of an affirmative waiver which, as we have said, was established by the great weight of the evidence.
If Mr. and Mrs. Poller’s counsel was speaking only for Mr. Poller when he *107 agreed to the stipulation he should so have informed the trial court. A party cannot successfully complain of error for which he is himself responsible. See Board of Public Instruction v. Fred Howland, Inc., 243 So.2d 221 (Fla. 3d DCA 1970), cert. denied, 248 So.2d 167 (Fla.1971); Compania Dominicana de Aviacion, C. por A. v. Caribbean Mercantile Export Corp., 218 So.2d 523 (Fla. 3d DCA 1969).
As for the other issues raised by the appellants, we affirm upon the ground that there was a reasonable basis in the record for the trial court’s final judgment and other appealed rulings. It is well settled in Florida that the appellate court must affirm if the record as a whole discloses any reasonable basis, reason or ground upon which the judgment can be supported. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla.1962).
Affirmed.