SCHWARTZ, Chief Judge.
The plaintiff-appellant insurance company sues as the subrogee of the owner of a boat docked at a marina owned and leased by the defendant-appellee Dade County. The vessel burned to the water line after it came in contact with another which had caught fire in an explosion while being fueled. The sole presently-asserted basis for the county’s liability[1] lies in the fact that when attempts were made to extinguish the original fire with a hose and water pump provided at dockside by the county, no water whatever was available allegedly because of defects in the water pressure, the attendant equipment, or both. The insurer-subrogee suffered a summary judgment below which we now reverse.
It is clear that having undertaken the role of the landowner-lessor of the marina, the county was obliged to discharge the common law duty of exercising reasonable care for those lawfully upon the premises. Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002, 1005 (Fla.1986) (“once the unit decides to operate the swimming facility, it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances”)[2]; Butler v. Sarasota County, 501 So.2d 579 (Fla.1986). This duty may include one of providing means, as asserted here, of extinguishing already-and-non-negligently started fires. Weis-Patterson Lumber Co. v. King, 131 Fla. 342, 177 So. 313 (1937); Bush v. Dania, 121 So.2d 169 (Fla. 2d DCA 1960). Since we find that the county did not satisfy its burden of conclusively establishing either that it had not negligently maintained its fire equipment or that its conduct was not a legal cause of the loss, the summary judgment cannot stand. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed.

. Other grounds raised in the complaint have been abandoned.

. We cite Avallone only for this "second" holding since there is no evidence that the county had purchased liability insurance pursuant to section 286.28, Florida Statutes (1985).
Furthermore, we reject the plaintiff-appellant’s argument that the county may be liable for failing properly to fight fires because, as a matter of fulfilling one of its governmental functions, it has undertaken to do so. City of Daytona Beach v. Palmer, 469 So.2d 121 (Fla.1985).