CONNER, J.
Amquip Crane Rental, LLC, (“Amquip”) appeals an order dismissing its complaint pursuant to Florida Rule of Civil Procedure 1.420(b). Amquip raises four issues on appeal; however, we reverse on only one issue, the denial of the right to a trial by jury. The other issues are moot by our reversal.[1]
*538 Amquip filed a complaint alleging breach of a written lease agreement against Vercon Construction Management, Inc. (“Vercon”). Amquip requested a trial by jury in paragraph II and the concluding paragraph of the complaint. Although a jury trial was demanded, the trial court on its own initiative determined the parties were not entitled to a jury trial based on certain language in the lease agreement, and the case was tried nonjury.
The case was initially called for jury trial before Judge Jack Luzzo, but a retired judge, Richard Feder, presided because Judge Luzzo was occupied with other matters. Before the commencement of the jury trial, Vercon attempted to renew a pretrial motion regarding improper venue of the court. In support of its position, Vercon referred the court to paragraph 18 of the lease, which is a forum selection clause. Paragraph 18 of the lease provides:
CONSENT TO JURISDICTION— Lessee consents to the exclusive jurisdiction of the Courts of Common Pleas of the Commonwealth of Pennsylvania and/or the United States District Court for the Eastern District of Pennsylvania in any and all actions and proceedings between the parties (whether at law or equity) and ... Lessee waives the right to jury trial.
(Emphasis added). After hearing arguments on the venue motion, Judge Feder denied Vercon’s venue argument because it had previously been decided by Judge Luzzo during a pretrial hearing.
Judge Feder then raised sua sponte the issue of Amquip’s entitlement to a jury trial. Judge Feder relied on the same forum selection clause, paragraph 18, wherein Vercon waived the right to a trial by jury, to conclude that Amquip had likewise waived its right to a trial by jury on a theory of mutuality of contract. Despite vigorous opposition by Amquip, Judge Feder found no basis for a trial by jury. Vercon successfully moved for a continuance, and the court ruled that the matter should be reset on a non-jury docket.
Amquip filed a motion for rehearing of the court’s order striking its entitlement to a trial by jury. Judge Feder denied the motion for rehearing, and the case proceeded to a nonjury trial. At the nonjury trial, Amquip was not able to present live witnesses, and instead, unsuccessfully tried to introduce deposition testimony into evidence to prove its case. Eventually, Am-quip rested its case without presenting evidence and Vercon successfully obtained an involuntary dismissal.[2]
Amquip argues the trial court erred in denying its entitlement to a jury trial because it misconstrued the plain language of paragraph 18 by finding there was a mutual waiver of a jury trial. Vercon responds that Amquip failed to preserve this issue because it waived its right to a jury trial by affirmatively noticing the case for a nonjury trial, participating in a nonjury trial, and asking the court to decide the case based on the record as it existed.[3]
*539 We first address preservation. Florida Rule of Civil Procedure 1.4B0 provides:
(a) Right Preserved. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.
The right to a trial by jury may be waived in civil cases by litigants. Baron Auctioneer, Inc. v. Ball, 674 So.2d 212, 214 (Fla. 4th DCA 1996). However, “[wjaiver of the right to a jury trial is to be strictly construed and not to be lightly inferred.” Poller v. First Va. Mortg. & Real Estate Inv. Trust, 471 So.2d 104, 106 (Fla. 3d DCA 1985) (citing Boston Rug Galleries, Inc. v. William Iselin & Co., 212 So.2d 58 (Fla. 4th DCA 1968)). Questions as to the right to a trial by jury should be resolved in favor of the party seeking the jury trial. Hollywood, Inc. v. City of Hollywood, 321 So.2d 65, 71 (Fla.1975); Fox v. City of Pompano Beach, 984 So.2d 664, 668 (Fla. 4th DCA 2008).
Here, Amquip clearly met the requirements of rule 1.430(b) because its complaint demanded a trial by jury. There has been no showing that Amquip waived this right. The record of the transcript before Judge Feder on the date the case was scheduled for jury trial clearly reveals that Amquip contested the trial court’s denial of its right to a trial by jury. Further evidencing Amquip’s objection was the subsequent filing of its motion for rehearing on the very same issue. At the rehearing, Amquip again voiced its objections to the trial court’s denial of its right to a trial by jury, but Judge Feder denied the motion saying that “the language in clause eighteen, which deprives the lessee of the right to jury trial, equally deprives the lessor.”
Amquip participated in a non-jury trial because it was required to do so over its objection. Having been rebuffed twice on its argument that paragraph 18 did not waive Amquip’s right to a trial by jury, a renewal of demand for a jury trial at the beginning of a nonjury trial would have been futile. See Boston Rug Galleries, Inc. v. William Iselin & Co., Inc., 212 So.2d 58, 61 (Fla. 4th DCA 1968) (finding the defendant did not waive its right to a jury trial by participating in the nonjury trial without objection because he repeatedly objected prior to the nonjury trial; when a proper demand for a jury trial has been made, the right is preserved inviolate).
We next address whether the plain language in the lease waived Am-quip’s entitlement to a jury trial. The trial court erred in holding that Amquip, as lessor, waived its right to a jury trial because the trial court misconstrued the plain language of the lease. “The interpretation or construction of a contract that is clear and unambiguous is a matter of law that is reviewed de novo.” Lipton v. First Union Nat’l Bank, 944 So.2d 1256, 1258 (Fla. 4th DCA 2007) (quoting Caulkins Indiantown Citrus Co. v. Nevins Fruit Co., 831 So.2d 727, 735 (Fla. 4th DCA 2002)). When a contract is clear and unambiguous, its plain meaning controls. Palm Beach Pain Mgmt., Inc. v. Carroll, 7 So.3d 1144, 1146 (Fla. 4th DCA 2009).
*540 Here, paragraph 18 of the lease provided that the “Lessee waives the right to jury trial.” The plain language indicates that the lessee, not the lessor, waived the right to a trial by jury. There is no language in the lease providing that the lessor waived the right to a trial by jury.
Neither the trial court nor Vercon cited any cases for the proposition that there is a mutuality of contract requirement applicable to a waiver of a trial by jury. On the contrary, one party may waive its right to a jury trial if the waiver was entered knowingly, voluntarily, and intelligently. See, e.g., Leslie v. Carnival Corp., 22 So.3d 567, 581 (Fla. 3d DCA 2009) (listing the five factors courts consider in determining whether a jury trial waiver was entered knowingly).
“The legal principle requiring mutuality in contracts does not require that in every case each party have the same remedy.” Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 625 n. 2 (Fla. 4th DCA 1982) (quoting Bossert v. Palm Beach County Comprehensive Cmty. Mental Health Ctr., Inc., 404 So.2d 1138, 1139 (Fla. 4th DCA 1981)). In Wright, this court commented that one of the most illuminating discussions of the theory of mutuality of contractual obligations is found in Meurer Steel Barrel Co. v. Martin, 1 F.2d 687, 688 (3d Cir.1924), in which the Third Circuit discussed:
The doctrine of mutuality of obligation appears therefore to be merely one aspect of the rule that mutual promises constitute considerations for each other. Where there is no other consideration for a contract, mutual promises must be binding on both parties. But where there is any other consideration for the contract, mutuality of obligation is not essential.
In this case, there is no issue of mutuality of contract which would make the contract unenforceable. Amquip promised to lease equipment to Vercon, and Vercon promised to pay rent for the equipment. One of the contract terms provided for Vercon to waive its right to a trial by jury as additional consideration for Amquip to enter into the agreement. The fact that the procedural remedies for enforcing the contract may be different does not make the contract unenforceable, or the waiver of jury trial unenforceable. Wright, 420 So.2d at 625.
Having determined that Amquip properly demanded a trial by jury and did not waive its right to a trial by jury, the case is reversed and remanded to the trial court for a trial by jury.
WARNER and LEVINE, JJ., concur.

. On appeal, Amquip argues the trial court also erred in denying: its motion for summary judgment, the admission into evidence *538 of depositions, and its motion for a continuance.

. Amquip contends on appeal that the trial court erred in denying its request to admit deposition transcripts into evidence and in denying its motion for continuance when it was unable to get the deposition transcripts into evidence. As mentioned previously, those issues are moot because this case is reversed on the denial of the right to a trial by jury.

. Although Vercon contends Amquip waived its right to a jury trial by participating in a nonjury trial, this argument relates to whether Amquip preserved the issue for appeal. See Crespo v. Crespo, 28 So.3d 125, 128 (Fla. 4th DCA 2010) (holding ex-wife's claim regarding admission of parol evidence was not *539 preserved for appeal because she failed to object to the evidence or to having an eviden-tiary hearing).