WARNER, J.
Appellant, Crastvell Trading Ltd., timely appeals: 1) an order dismissing its complaint based upon forum selection clauses in loan agreements and a Deed of Guarantee; and 2) the corresponding denial of Crastvéll’s motion for rehearing and for leave to amend its complaint. Because the appellee was not a party to the loan agreement, he could not enforce the forum se *351 lection clause in those contracts which specifically precluded non-parties from such relief. As to the Deed of Guarantee, the contract specifically permitted the lender to pursue relief in any jurisdiction. Further, the court erred in denying the motion for rehearing where Crastvell had voluntarily dismissed those causes of action relying on the loan agreement prior to the involuntary dismissal entered by the court, thus eliminating causes of action based upon the mandatory forum selection clause.
Crastvell Trading, Ltd., filed a complaint against three defendants: Bozel S.A., a Luxembourg entity; Bozel, LLC, a Florida limited liability company based in Boca Raton; and Michel Marengére, an individual who allegedly “owns and controls” Bozel S.A. and Bozel, LLC through another entity. Although Crastvell alleged multiple claims, the complaint generally alleged that the defendants fraudulently induced Crastvell to loan several million dollars to Bozel S.A.; that Bozel S.A. failed to repay those loans; and that Bozel, LLC, breached its agreement to guarantee those loans after Marengére fraudulently diverted funds from Bozel, LLC.
Crastvell and another entity loaned Bo-zel S.A. substantial monies so that Bozel S.A. could acquire two companies. According to the complaint, Marengére made fraudulent representations to induce Crastvell to loan in excess of $13.5 million to Bozel S.A. Three separate agreements evidenced the loans.
To guarantee the loans made pursuant to the loan agreements, Bozel S.A. and its subsidiaries, including Bozel, LLC, entered into a Deed of Guarantee and Indemnity. Allegedly, Marengére then diverted millions of dollars of funds from Bozel, LLC’s, bank accounts into other entities in which he had a financial interest, thus converting that money for his own personal benefit. This, in turn, impaired the value of Crastvell’s security interest and prevented Bozel, LLC, from honoring its guarantee to repay the loans. The complaint specifically alleged that Marengére created Bozel S.A. and Bozel, LLC, for the purpose of obtaining the loans and then making the fraudulent transfers for his personal benefit and profit. It also alleged that Bozel S.A. and Bozel, LLC, were the alter egos of Maren-gére.
After Crastvell stopped receiving payments due on the loans, it filed this lawsuit in Palm Beach County, Florida. Crastvell brought claims against all three defendants for fraudulent inducement, constructive fraud, and conversion. In addition, Crastvell raised a claim of civil theft against Marengére and Bozel, LLC. Crast-vell also sued Bozel S.A. for breach of the loan agreements. Finally, Crastvell sued Bozel S.A. and Bozel, LLC, for breaching the Deed of Guarantee, which had guaranteed the loans. Crastvell served its complaint upon Bozel, LLC, and Marengére, but did not serve Bozel S.A. in this case. During the pendency of the instant lawsuit in Florida, Crastvell concurrently sued Bo-zel S.A. in England for defaulting on the loan agreements.
After Crastvell filed the complaint, Mar-engére filed a verified motion to dismiss, raising a litany of grounds in support.[1] Relevant to this appeal, Marengére argued that venue was improper in Florida because the forum selection clauses in the loan agreements provided that “exclusive *352 jurisdiction” of any dispute rested with the courts of England.
Each of the loan agreements contained the following clause pertaining to choice of law and forum selection: “This Agreement is governed by and is to be construed in accordance with English law and the courts of England have exclusive jurisdiction to settle any dispute arising out of or in connection with this Agreement (including a dispute regarding the existence, validity or termination of this Agreement).” The loan agreements, however, provided that “[a] person who is not a party to this Agreement shall have no right under the Contracts (Rights of Third Parties) Act 1999 to enforce any term of this Agreement but this shall not affect any right or remedy of a third party which exists or is available apart from the Act.” In addition, paragraph 6.3 of the amended version of the first Mezzanine Loan Agreement stated the following:
None of the terms of this Deed are enforceable by any person and no person shall enjoy the benefit of any term of this Deed other than:
6.3.1 the named parties to it; and
6.3.2 any person to whom the Secured Parties have assigned their rights or any part of their rights in accordance with the terms of this Deed.
Marengére was not a party to any of the agreements, nor did Bozel S.A. assign any rights in accordance with the loan agreement.
The Deed of Guarantee also contained a forum selection clause, which provided as follows:
21.1.1 This Deed is governed by, and shall be construed in accordance with, English law.
21.1.2 The courts of England have exclusive jurisdiction to settle any dispute arising out of or in connection with this Agreement (including a dispute regarding the existence, validity or termination of this Agreement) (a “Dispute”).
21.1.3 The parties agree that the courts of England are the most appropriate and convenient courts to settle Disputes and accordingly no party will argue to the contrary.
21.1.4 This Clause 21.1.4 is for the benefit of the Lenders only. As a result, no Lender shall be prevented from taking proceedings relating to a Dispute in any other courts -with jurisdiction. To the extent allowed by law, the Lenders may take concurrent proceedings in any number of jurisdictions.
Marengére was not personally a party to the Deed of Guarantee.[2]
At a hearing on the motion to dismiss, the court stated that it would “grant the motion to dismiss based upon the clear contractual terms of the exclusive jurisdiction. All this reads relating to this loan transaction is in England.” A few days after the hearing and prior to entry of the final order, the court presiding over Crast-vell’s case in England entered judgment in favor of Crastvell. The English court ruled that Bozel S.A. was in default under the loan agreements and owed Crastvell in excess of $14.5 million, plus interest and costs. Crastvell filed a notice of voluntary *353 dismissal without prejudice of its claims against Bozel S.A. in the instant case. That same day, the trial court entered a final order of dismissal, finding that “the plaintiff is bound by the mandatory venue provisions of its contracts in issue” and that “[t]he plaintiffs claims, if they may be brought at all, must be litigated in England and not in the [Sjtate of Florida.”
Crastvell filed a motion for rehearing, arguing that, because of its voluntary dismissal as to Bozel S.A., the trial court’s reliance on the venue provision of the loan agreement was inapplicable, because now the loan agreement was not part of the case. The only venue clause left is the one in the Deed of Guarantee, which expressly gives Crastvell the right to bring an action in any court with jurisdiction. The motion also requested leave to file an amended complaint, attaching a proposed amended complaint and arguing that Crastvell could state claims against Marengére and Bozel, LLC “which are not brought in connection with or based upon the loan agreements with Bozel S.A.” Without explanation, the trial court denied rehearing. This appeal follows.
During the pendency of this appeal, Bo-zell, LLC, filed for bankruptcy. This resulted in an automatic stay of these proceedings. Eventually, Bozell, LLC, was released in bankruptcy from this claim by Crastvell. However, the claims remain against Marengére, and we now dispose of this appeal as to him.
Where an order of dismissal is based entirely on a forum selection clause in the parties’ contract, the standard of review is de novo. See Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). Forum selection clauses are provisions of contracts, and where freely entered should be honored. Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986). Courts must recognize the legitimate expectations of contracting parties. Id. Manrique adopted the view expressed by the United States Supreme Court in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 8-9, 13, 92 S.Ct. 1907, 1912-13, 1914-15, 32 L.Ed.2d 513 (1972), that freely negotiated contracts should be given full effect. See also Maritime Ltd. P’ship v. Greenman Adver. Assocs., Inc., 455 So.2d 1121, 1123 (Fla. 4th DCA 1984) (likewise adopting this view).
Like any other contract, the loan agreements and Deeds of Guarantee should be construed according to their terms. The polestar guiding the court in the construction of a written contract is the intent of the parties. Bombardier Capital Inc. v. Progressive Mktg. Grp., Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001). Where the language of the contract is clear and unambiguous, the parties’ intent must be garnered from that language. Id. “Every provision in a contract should be given meaning and effect and apparent inconsistencies reconciled if possible.” U.S.B. Acquisition Co. v. Stamm, 660 So.2d 1075, 1080 (Fla. 4th DCA 1995) (citations omitted). “It is a well-settled principle of contract law that a contract provision specifically dealing with a particular subject matter controls over a provision generally dealing with that same subject matter.” Bridges v. City of Boynton Beach, 927 So.2d 1061, 1063 (Fla. 4th DCA 2006) (internal quotation marks and citation omitted).
Where the terms are clear and unambiguous, their plain meaning should control. Amquip Crane Rental, LLC v. Vercon Constr. Mgmt., Inc., 60 So.3d 536, 539 (Fla. 4th DCA 2011). Here the loan agreement unequivocally provides that no one who is not a party may enforce any of the provisions of the contract. By its all- *354 encompassing language, that would include the forum selection clause. Based upon the clear language of the loan agreements, Marengére, a non-party to the loan agreements, may not enforce the forum selection clause.
Marengére contends, however, that he has standing to enforce the forum selection clause because he is closely related to Bozel S.A., and in fact, according to Crastvell, its alter ego. Thus, relying on cases such as Deloitte & Touche v. Gencor Indus., Inc., 929 So.2d 678, 683 (Fla. 5th DCA 2006), he claims that he may demand compliance with the forum selection clause. In Deloitte, the court enforced a forum selection clause against a non-signatory to the contract, because “there exists a close relationship between the non-signatory and signatory and the interests of the non-signatory are derivative of the interests of the signatory.” Id. Likewise, in Citigroup Inc. v. Caputo, 957 So.2d 98, 102 (Fla. 4th DCA 2007), we permitted a non-signatory to a contract to enforce a forum selection clause, because the non-signatory was integrally related to the party.
Neither of these cases, nor any other case that we could find, had a contractual provision precluding a non-party from enforcing any term of the contract, as does this contract. Because the non-signatory’s rights must derive from the contractual provisions themselves, where the contract specifically states that a non-party derives no rights, we would be interfering with a contract which was freely negotiated in order to award rights (and responsibilities) not intended by the contract. Under the specific terms of this contract, we conclude that Marengére did not have standing to enforce the forum selection clause of the loan agreement.
As to the Deed of Guarantee, the forum selection clause in that agreement specifically permits Crastvell to bring suit in any court having jurisdiction. Therefore, the forum selection clause applies only to suits by the debtor against the lender, not the other way around. Because this is a suit by the lender, Crastvell may, according to the terms of the contract, bring suit where jurisdiction may be obtained over the defendants.
Finally, the court also erred in denying the motion for rehearing. Prior to entry of the order of dismissal, Crastvell’s voluntary dismissal of Bozel S.A., the party to the loan agreements, removed those causes of action implicating the loan agreements themselves. Crastvell sought to amend its complaint to allege causes of action not involving the loan agreements. Leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile. N. Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc., 745 So.2d 359, 362 (Fla. 4th DCA 1999).
Here, Crastvell had not amended its complaint prior to its request for leave to amend in connection with its motion for rehearing. In addition, Crastvell filed a proposed amended complaint which did not name Bozel S.A. as a party and which was not based on the loan agreements. The proposed amended complaint also dropped the claim for fraudulent inducement to enter the loan agreement. Instead, the amended complaint alleged various claims against Marengére, such as for breach of the guarantee agreement and for claims in connection with the alleged fraudulent transfers that prevented Bozel, LLC, from complying with the guarantee.[3] Thus, in this case, leave to amend should have been *355 granted, as the privilege had not been abused, there was no prejudice to the opposing party, and amendment would not have been futile.
Marengére’s only substantive response is that the trial court did not abuse its discretion because the motion for leave to amend was made after the final order of dismissal was entered. However, even after a final order has been entered, a party may seek leave to amend a complaint in connection with a motion for rehearing. See Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 422-23 (Fla. 5th DCA 2003) (holding that trial court abused its discretion in denying plaintiffs motion for rehearing and for leave to amend complaint after final summary judgment had. been entered).
We reverse the order dismissing this case based upon the forum selection clause. We remand for further proceedings and amendment of the complaint as requested by Crastvell as to Marengére only.
POLEN and CONNER, JJ., concur.

. In addition, Bozel, LLC, filed a motion to quash service, but that was never ruled upon by the trial court.

. Marengére did, however, sign the Deed of Guarantee as the director of both Bozel S.A. and Bozel, LLC.

. The complaint included causes of action against Bozell, LLC. Because of the bankruptcy proceedings, those parts of the proceedings have been discharged.