# Third District Court of Appeal

## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0512
Lower Tribunal No. 22-20176-CA-01
_____

**Pierre's Caribbean Cuisine LLC, et al.,**
Appellants,

vs.

**LeaseFlorida LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Armstrong Teasdale LLP, and Marlon Weiss, for appellants.

Krinzman Huss Lubetsky Feldman & Hotte | Awerbach Cohn Perez, and Cary A. Lubetsky and Salvatore H. Fasulo, for appellee.

Before EMAS, SCALES and MILLER, JJ.

EMAS, J.

In 2022, Pierre's Caribbean Cuisine, LLC ("Tenant") and LeaseFlorida, LLC ("Landlord") entered into a commercial lease agreement. At that same time, Ananias Pierre (Pierre), a principal of Tenant, executed a guaranty of the lease in his individual capacity. The Guaranty—which was not signed by Tenant—contained a jury trial waiver provision.

Thereafter, disputes arose between Landlord and Tenant. Tenant filed suit for breach of contract. In its complaint, Tenant demanded a trial by jury. Landlord counterclaimed against Tenant for breach of contract. Landlord also filed a third-party claim against Pierre (Guarantor) for breach of the Guaranty. Neither Tenant nor Guarantor demanded a jury trial in their responses to the counterclaim/third-party claims.

During the course of the proceedings, Landlord moved to strike Tenant's jury trial demand in the complaint, asserting that the Guaranty contained a waiver of jury trial provision, and that Tenant—though a non-signatory to the Guaranty—was nevertheless bound by the waiver because the Guaranty was signed by Pierre, who is a principal of Pierre's Caribbean Cuisine, LLC.

The trial court granted Landlord's motion and struck Tenant's demand for jury trial. The claim, counterclaim and third-party claim all proceeded to a nonjury trial, following which the trial court found in favor of Landlord on all

2

claims, including Tenant's claim for breach of the lease, Landlord's counterclaim against Tenant for breach of the lease, and Landlord's third-party claim against Guarantor for breach of the Guaranty. The trial court entered final judgment in favor of Landlord, and this appeal followed.

While Tenant and Guarantor raise several issues on appeal, we find one to be dispositive, requiring reversal of the final judgment: the trial court reversibly erred in concluding that Tenant was bound by the Guaranty's jury trial waiver provision, resulting in the trial court striking Tenant's timely-filed demand for jury trial.[1] The Guaranty (the only document containing a jury trial waiver) was signed only by Guarantor, in his individual capacity. It was not signed by Tenant, was not referenced anywhere in the lease agreement, and was not expressly incorporated into the lease agreement between Landlord and Tenant. Accordingly, the jury trial waiver provision in the Guaranty was unenforceable against non-signatory Tenant, and Tenant was entitled to a jury trial. We therefore vacate the final judgment in its entirety and remand for further proceedings.

---

[1] See Fla. R. Civ. P. 1.430(b) ("Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.").

Because this issue involves construction of a contract provision, our standard of review is de novo. See Dezer Intracoastal Mall, LLC v. Seahorse Grill, LLC, 277 So. 3d 187, 190 (Fla. 3d DCA 2019).

Tenant contends the trial court erred in striking its demand for jury trial because the jury trial waiver clause was contained only in the Guaranty, and the Guaranty was not signed by Tenant, but only by Guarantor in his individual (and not in any representative) capacity. We agree.

The right to a jury trial is an important constitutional right guaranteed by our state Constitution.[2] While a party may contractually waive its right to trial by jury in civil cases in Florida, see Palomares v. Ocean Bank of Miami,

---

[2] See Fla. Const. art. I, § 22 ("The right of trial by jury shall be secure to all and remain inviolate."); Spring v. Ronel Refining, Inc., 421 So. 2d 46, 47 (Fla. 3d DCA 1982) (observing: "In the present case, the denial of the right to jury trial is more than the denial of a constitutional right; it is the denial of a fundamental right recognized prior to the adoption of a written constitution. The right to select the peers to which one's cause will be submitted is unique and indispensable to the adversary system."); Whitlow v. Tallahassee Mem'l Healthcare, Inc., 48 Fla. L. Weekly D1647 at *2 (Fla. 1st DCA Aug. 16, 2023) (discussing the history of the constitutional guarantee of trial by jury, comparing the Federal and Florida provisions, and noting as to both: "The aim of the guarantee 'is not to preserve mere matters of form and procedure, but substance of right'; it simply 'requires that questions of fact in common-law actions shall be settled by a jury, and that the court shall not assume, directly or indirectly, to take from the jury or to itself such prerogative.'") (quoting Walker v. N.M. & S P R Co., 165 U.S. 593, 596 (1897)); see also Fla. R. Civ. P. 1.430(a) ("**Right Preserved**. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.").

4

574 So. 2d 1159 (Fla. 3d DCA 1991), such a waiver must be made "knowingly, voluntarily, and intelligently." Bergeron Env't & Recycling, LLC v. LGL Recycling, LLC, 398 So. 3d 988, 991-92 (Fla. 4th DCA 2024). Further, and given the nature of the right purportedly being surrendered, the waiver of a party's right to a jury trial "is to be strictly construed and not to be lightly inferred." Poller v. First Virginia Mortg. & Real Estate Inv. Tr., 471 So. 2d 104, 106 (Fla. 3d DCA 1985). As a result, "[q]uestions as to the right to a trial by jury should be resolved in favor of the party seeking the jury trial." Amquip Crane Rental, LLC v. Vercon Const. Mgmt., 60 So. 3d 536, 539 (Fla. 4th DCA 2011); see also Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937) ("[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver.").

The Guaranty, signed only by Guarantor in his individual capacity, provided in pertinent part:

> The undersigned Guarantor(s) hereby knowingly, voluntarily and intentionally waives the right to have a trial by jury in respect to any litigation associated with the Guaranty, or with the Lease which this Guaranty relates to, or in relation to any of the obligation arising under or relating to the Lease and this Guaranty. This provision is a material inducement for the Landlord to enter into the Lease with the Tenant, and is a material inducement for the Landlord to accept this Guaranty.

Landlord contends this clause "integrates" the Guaranty and Lease Agreement such that Tenant was bound by the Guaranty's jury trial waiver,

5

even though Tenant did not sign the Guaranty nor agree to be bound by the Guaranty.

We reject Landlord's contention. The Lease Agreement does not include a jury trial waiver provision. Moreover, it does not even reference the Guaranty, nor include language to incorporate the Guaranty (or its jury trial waiver) into the Lease Agreement. Finally, there is nothing in the Guaranty to indicate that Guarantor was acting as an agent on behalf of the corporate entity Tenant in executing the Guaranty. Guarantor signed the Guaranty only in his individual capacity. Compare Fi-Evergreen Woods, LLC v. Est. of Robinson, 172 So. 3d 493, 495 (Fla. 5th DCA 2015) (holding a non-signatory is bound to an agreement when that "signatory is authorized to act as the agent of the person sought to be bound."). It also bears noting that accepting Landlord's argument would seemingly convert the personal guaranty of Pierre into a "corporate guaranty" of Tenant (whose obligation on the debt was already established under the terms of the Lease Agreement), rendering the Guaranty itself meaningless. See Roy v. Davidson Equip., Inc., 423 So. 2d 496, 497 (Fla. 4th DCA 1982) (observing: "For a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless."); Cent. Nat. Bank of Miami v. Muskat Corp. of Am., Inc., 430 So. 2d 957, 958 (Fla. 3d DCA 1983) (same). Nevertheless, had Landlord

6

sought to bind Tenant to the jury trial waiver provision in the Guaranty, it could have done so by simply adding a signature line and block for Tenant Pierre's Caribbean Cuisine, LLC, or by expressly including a jury trial waiver provision in the Lease Agreement itself.

The Guaranty (and its jury trial waiver provision), while enforceable against the signatory (Guarantor Pierre) in his individual capacity, is not enforceable against the non-signatory Tenant (Pierre's Caribbean Cuisine, LLC). And the mere fact that Guarantor was a principal of Tenant does not change this result. It is an unremarkable proposition that a signatory who signs in his individual capacity intends to bind himself individually, and not as an agent of a non-signatory entity. Betz v. Bank of Miami Beach, 95 So. 2d 891, 894 (Fla. 1957); see also Cent. Inv. Assoc., Inc. v. Leasing Serv. Corp., 362 So. 2d 702, 704 (Fla. 3d DCA 1978) (holding guarantors to lease were not bound by jury trial waiver in lease because they were not parties to the lease). To enforce this jury trial waiver provision against the non-signatory Tenant would disregard the corporate form and negate one of the fundamental purposes for creation of a corporate entity.

Finally, although we recognize that there are cases which apply the doctrine of equitable estoppel to jury trial waivers where one party has not signed the waiver agreement, those cases are inapplicable because they

7

involve situations where a **non-signatory** (to a contract containing a jury trial waiver) is seeking to **enforce** the waiver against a **signatory** on the signatory's claims against the non-signatory. In other words, courts have held that the signatory is equitably estopped from denying its waiver when it asserts claims arising out of the contract (containing the waiver) against a non-signatory. See Bergeron, 398 So. 3d at 993; Powers v. Lazy Days RV Center, Inc., No. 8:05-CV-1542-T-17-EAJ, 2006 WL 1890188, at *2 (M.D. Fla. 2006) (noting "a non-signatory party may enforce a jury trial waiver against a signatory party under the doctrine of equitable estoppel.").[3] Here, the non-signatory Tenant has demanded a jury trial but the signatory Landlord seeks to enforce a waiver of that right, even though that waiver was

---

[3] This concept is often found in cases involving arbitration clauses, which are themselves a waiver of the right to trial. See e.g., Armas v. Prudential Secs., Inc., 842 So. 2d 210, 212 (Fla. 3d DCA 2003) ("Equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of concerted conduct by both the non-signatory and one or more of the signatories to the contract."); Allscripts Healthcare Solutions, Inc. v. Pain Clinic of NW Fla., 158 So. 3d 644 (Fla. 3d DCA 2014) (recognizing a non-signatory defendant can enforce an arbitration clause against a signatory plaintiff); Shetty v. Palm Beach Radiation Oncology Assoc. et al., 915 So. 2d 1233 (Fla. 4th DCA 2005) ("a non-signatory may also compel arbitration by involving the equitable estoppel doctrine."); Koechli v. BIP Intern., Inc., 870 So. 2d 940, 943-44 (Fla. 1st DCA 2004) ("arbitration is a contractual right that is generally predicated on an express decision to waive the right to trial in a judicial forum, . . . [but] Florida and federal courts have recognized that a non-signatory can compel arbitration by a signatory to an arbitration agreement . . . under the doctrine of equitable estoppel. . . .").

never agreed to by Tenant nor was the document containing that waiver signed by Tenant.[4]

Reversed and remanded.

---

[4] Although the breach of Guaranty claim (i.e., the third-party claim by Landlord against Guarantor Pierre) could have proceeded by nonjury trial, the court conducted a single nonjury trial on the claim, counterclaim and third-party claim. Because the breach of the Guaranty (and any judgment thereon) was dependent on Landlord establishing a breach of the underlying Lease Agreement for which the Guaranty was executed, and because we are reversing the final judgment on the claims for breach of the Lease Agreement, we must reverse the final judgment on the breach of Guaranty claim as well.